121 So.2d 455 (1960)
K.E. BLESSING and Helen B. Blessing, His Wife, Appellants,
v.
AMERICAN TITLE AND INSURANCE COMPANY, a Florida Corporation, Appellee.
No. B-355.
District Court of Appeal of Florida. First District.
June 16, 1960.
Sack & Sack, Jacksonville, for appellants.
Smith, Axtell & Howell, Jacksonville, for appellee.
CARROLL, DONALD K., Judge.
The appellants filed their amended complaint in the Civil Court of Record for Duval County seeking recovery under a policy of title insurance for certain expenses incurred by them in satisfying an outstanding judgment which constituted an encumbrance on the insured property. This amended complaint was dismissed with prejudice by the court, because of their failure to allege in the original and the amended complaints any loss or damage within the terms of the policy provisions. The court also ordered that, if the appellants did not within ten days from the date of the order file and serve a motion for leave to file a second amended complaint, tendering therewith such a complaint stating a cause of action on the policy, the cause should stand dismissed. Instead of so *456 amending, the appellants appealed from the order.
There are two types of title insurance policies currently in general use in Florida. One purports to insure the marketability of the insured's title; the other insures only against actual loss sustained by the insured because of a defect or imperfection in his title. The policy before us belongs to this second category.
The pertinent provisions of this policy provide:
"This Policy of Title Insurance Witnesseth, That American Title and Insurance Company, herein called the Company, in consideration of the payment of the premium for this Policy, does hereby covenant and agree that it will pay to K.E. Blessing and Helen B. Blessing, his wife, hereinafter called the Insured, the heirs, devisees, or personal representatives of the Insured all loss or damage not exceeding Eighteen Thousand, Five Hundred ($18,500.00) and No/100 Dollars, which they, or any of them, shall sustain by reason of any defect or defects in the title of the Insured to the estate or interest of the Insured in the real estate described under Schedule A, hereto annexed, or by reason of liens or encumbrances against the same as of the date of the final examination of the title thereto, to-wit: March 28, 1957 * *."
The insurer's liability under a contract of title insurance is, of course, dependent upon the terms of the contract. Where, as here, the contract limits coverage to actual loss or damage sustained, the courts are powerless to extend the coverage to insure marketability of title. Nor can we hold that a voluntary satisfaction by the insureds of a judgment which constitutes a cloud on their title, is an actual loss sustained by them within the meaning of this policy so as to entitle them to indemnification. The general weight of authority is that the insured is protected only when execution of the judgment is sought against the property covered. 45 C.J.S. Insurance § 967.
For the above reasons the judgment appealed from must be and is affirmed.
WIGGINTON, C.J., and STURGIS, J., concur.