HORTON, Judge.
Appellant, plaintiff below, seeks review of an adverse final decree dismissing its amended complaint for injunctive relief and specific performance of a territorial service area agreement. We reverse.
On September 9, 1960, appellant, Peoples Gas System, Inc., and appellee, City Gas Company, competing gas companies, in order to avoid costly duplication of services and facilities, entered into a territorial service area agreement purporting to define their respective service areas in Dade and Broward Counties. Paragraph two of the agreement states, inter alia:
“We agree to acknowledge and respect boundaries between our respective natural gas service areas as shown on the Map hereto attached, * * *. For more detailed references our Service Area and also your Service Area are described in detail on the reverse side of the attached Map; however, the boundaries shown on the Map and as further described shall remain the same despite any change in name or number or any relocation of any highway, canal, or other description used to delineate such boundaries.” [Emphasis supplied]
The description on the back of the map referred to in the agreement, insofar as it pertains to the case sub judice, contains the following:
“The boundaries of the Service Area of City Gas Company of Florida agreed upon in the foregoing agreement and shown on the reverse side hereof are as follows * * *
“The Service Area of Peoples Gas System, Inc., in Broward County, agreed upon in the foregoing agreement and shown on the reverse side hereof is as follows:
“All of the area in Broward County situated East and North of the above described boundary, or dividing line, including that area North of the line along Pembroke Road extended to the Western boundary of Broward County.” [Emphasis supplied]
The map itself contains a clearly drawn and designated “BOUNDARY LINE” running from west to east along Pembroke Road to State Road '#9. The last discernible street at the top edge of the map is Thomas Street which runs east and west in Hollywood, Florida. The acknowledgment on the back of the map states:
“IT IS HEREBY ACKNOWLEDGED * * * that the map shown on the reverse hereof is the map referred to in, and made a part thereof by reference, that certain Agreement made and entered into by the two corporations * * *, for the purpose of creating and establishing a boundary line between the service areas in Dade and Broward counties. * * *” [Emphasis supplied]
Neither the map nor the agreement in any way purports to limit the use of the description contained on the back of the map or to limit the “service areas” to those shown on the face of the map.
On May 7, 1962, the appellant filed a bill for injunction and specific performance claiming alleged violations of the agreement. The alleged violations consist mainly of the construction of underground gas installations in the cities of Pompano Beach and Margate, a territory some twenty miles north of Pembroke Road and fifteen miles north of Thomas Street, claimed to be within the appellant’s service area under the terms of the agreement. The appellee answered generally denying the material allegations and affirmatively alleging that its *336 activities in Pompano Beach and Margate were the result of appellee’s recent purchase of franchises held by third parties at the time of the execution of the agreement, and that the agreement did not and was not intended to include the Pompano Beach and Margate areas.
After some intermediate skirmishing, the cause came on for final hearing. Up to this point and through the greater portion of the final hearing, both parties conceded that the agreement was not ambiguous and that the introduction of extrinsic evidence was unnecessary. Accordingly, the chancellor refused, and we conclude rightfully, to admit extrinsic evidence bearing upon the intention of the parties when it was offered in the latter stages of the proceedings. After hearing, the chancellor entered the final decree appealed, finding, inter alia, that the agreement and the map appended thereto did not embrace or apply to any territory in Broward County north of a line drawn from the Atlantic Ocean on the east to the western boundary of the county on the west at approximately Thomas Street in Hollywood, Florida; and that the appellee had not violated the agreement since the alleged violations occurred in an area of Broward County not included within the territory covered by the agreement. These findings were based on the chancellor’s conclusion that the map attached to the agreement controlled over the detailed description contained on its reverse side and that the only service areas intended to be covered by the agreement were those shown on the map.
The appellant contends the chancellor erred in that the clear intention of the parties, as evidenced by the agreement and its appurtenances, was that the map attached to the agreement was intended only to show the boundaries or dividing lines between the service areas; the service areas themselves being delineated by the description contained on the reverse side of the map which encompasses all of Broward County north of Pembroke Road and east of State Road #9. We find this contention has merit.
In construing a written agreement, the entire agreement must be considered in order to ascertain the true intention of the parties. To this end all the provisions of the agreement must be looked to, and all construed so as to give effect to each and every one of them, if this can be reasonably done. Ross v. Savage, 66 Fla. 106, 63 So. 148; Hull v. Burr, 58 Fla. 432, 50 So. 754; see also 7 Fla.Jur., Contracts, § 77, and cases cited therein. No word or part of an agreement is to be treated as a redundancy or surplusage if any meaning reasonable and consistent with other parts can be given to it; Florida East Coast Ry. Co. v. City of Miami, 76 Fla. 277, 79 So. 682, 1 A.L.R. 303; see also 7 Fla.Jur., Contracts, § 77; since it would not have been inserted had it not been intended to serve some purpose in expressing the intention of the parties. Transport Rental Systems, Inc. v. Hertz Corporation, Fla.App.1961, 129 So.2d 454.
Applying these principles to the case at bar, we conclude that the chancellor erred in placing a construction upon the agreement which treated as surplusage one of its substantial, integral parts which could have been given a reasonable meaning consistent with the other parts of the agreement. In the absence of any limitation in the agreement on the use of the map or the description contained on the reverse side thereof, it was incumbent upon the chancellor to give effect to both in construing the agreement if this could be reasonably done. The parties would not have included a detailed description of their respective “service areas” on the reverse side of the map if they did not intend it to have some relation to the subject matter of their agreement and its intended scope.
Having considered the agreement, the map, and the description contained on the reverse side thereof, it is our conclusion that the parties intended the map to be demonstrative of the boundary line between their respective service areas, the areas themselves being delineated by the descrip *337 tion contained on the reverse side of the map.
Other contentions have been advanced by the appellant as further basis for the reversal of the decree appealed which we deem it unnecessary to discuss in view of the result reached herein.
The decree appealed is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
HENDRY, J., dissents.