HORTON, Judge.
Plaintiffs-appellees brought suit in equity seeking, inter alia, an adjustment of a modified partnership dissolution agreement, pro-ration of certain taxes in compliance with an agreement for same, and damages for defendants’ wrongful refusal to execute a release of certain lands from mortgage. Defendants’ answer denied most of the material allegations of the complaint and counterclaimed for recission of the modified1 partnership dissolution agreement. Plaintiffs denied the allegations of the counterclaim and further affirmatively alleged *497 ratification of the dissolution agreement by the defendants. After hearing on the merits, the chancellor entered a final decree which granted plaintiffs’ relief for pro-ration of taxes and required defendants to release the mortgages, hut denied plaintiffs’ other requested relief and denied the relief sought by the counterclaim. Plaintiffs’ petition for clarification of the final decree was granted and the decree was amended to provide that the release of the mortgage was optional with the plaintiffs. It is the final decree as modified which the defendants appeal. Defendants also appeal denial of their motion under Rule 1.38(b), Florida Rules of Civil Procedure, 30 F.S.A., for relief from the final decree.
This cause was tried upon issues made by the allegations of the appellees’ complaint and the denials thereof by the appellants, the allegations of appellants’ counterclaim for recission and the appellees’ denials thereof, together with appellees’ affirmative allegations of ratification. We have examined the record on appeal and note that much of the evidence adduced on the issues before the chancellor was conflicting. It would serve no useful purpose to review the evidence upon which the chancellor premised his decree; suffice it to say there was substantial competent evidence, if believed, to warrant the conclusion reached. In the final analysis, the chancellor was better positioned than are we to determine the credibility of the witnesses and the weight and probative effect of their testimony. In a situation such as this, an appellate court is reluctant to substitute its judgment for that of the chancellor, hence the rule that where a decree is supported by substantial competent evidence, an appellate court will not reverse the decree. See Medlin v. Share, Fla.App.1963, 151 So.2d 451.
The appellants contend that Dr. Blum, who furnished all the capital for the partnership venture did not receive his proportionate share of the division of partnership assets consisting of real property owned by the partnership in Dade and Brevard Counties. The main issue at trial was the adjustment and/or enforcement of a modified partnership dissolution agreement. The parties had agreed in writing on the terms of the dissolution of the partnership and each had accepted the formula for the distribution of the assets among them. The chancellor was warranted in our view in refusing to set aside the dissolution agreement and in that respect we affirm his decree.
The appellant Mulb, Inc., has appealed that portion of the final decree as modified which provided that the appellees had made a proper tender under the terms of a mortgage held by Mulb sufficient to require a release of the mortgaged property. The decree as modified simply left it optional with the appellees to make a tender “in compliance with the terms of the mortgages between the parties.” First we note that the appellees never requested a declaration of the terms of the mortgage in question but only that they be awarded damages for the loss of their sale of an easement across a portion of the property sought to be purchased by the Florida Power & Light Company. In addition, the decree as modified did not construe the terms of the mortgage in question but simply held that a tender previously made was proper and that any subsequent tender should be in compliance with the terms of the mortgage. We conclude that the chancellor was in error in two respects insofar as that portion of the final decree as modified is concerned. First, that the appellees never sought a declaration or clarification of the terms of the mortgage nor did they allege that they were in doubt as to their rights under the mortgage. It has generally been held that where the only relief prayed is a money judgment, the court is not authorized to render a declaratory judgment or decree. This is especially true where the allegations pertaining to the relief sought allege no doubt as to the rights of the movant, See Johnson v. Atlantic National Insurance Company, Fla.App.1963, *498 155 So.2d 886. Secondly, if we should overlook the procedural aspects we think any inferential construction of the mortgage that might have resulted from the final decree as modified was substantively incorrect The pertinent portions of the mortgage in question are:
“The land encumbered by this mortgage may be released from the lien of this mortgage, and any other mortgages superior in dignity to this mortgage, upon request of the mortgagor, in multiples of ten (10) acres on the basis of payment of $100.00 per acre (releases need not be contiguous to each other), except that as to Parcel A-4, identified herein, releases shall be on the basis of $150.00 per acre, and releases as to Parcel A — 5, identified herein, shall be on the basis of $200.00 per acre, and provided further, that the land encumbered by this mortgage shall be released in the numerical order and sequence only in which the same are now set forth.
“1. Parcel A-10 (which must be released in toto before the mortgagor is entitled to any releases on the land encumbered by this mortgage)
“2. A-12
“3. A-ll
“4. A-4
“5. A-5
“Provided further that the numerical order and sequence as hereinabove provided for releases shall not apply in the event the mortgagor make payment in toto for any one parcel in the respective amounts hereinabove provided.” [Emphasis supplied.]
 In order to ascertain the true intentions of the parties to a written agreement, we are bound to place such construction on each clause of that agreement so as to give each clause legal effect where reasonably possible. People’s Gas System, Inc. v. City Gas Company, Fla.App.1962, 147 So.2d 334. Applying that principle to the case sub judice, we find that the construction urged by appellant Mulb, Inc., is both legally and logically sound. By inserting the words “Parcel A-10 (which must be released in toto before the mortgagor is entitled to any releases on the land encumbered by this mortgage) ” we find that the parties intended exactly what is said therein. We further find that the words “Provided further that the numerical order and sequence as hereinabove provided for releases shall not apply in the event the mortgagor make payments in toto for any one parcel in the respective amounts herein-above provided” are intended to apply to releases sought after Parcel A-10 is released in toto.
The appellants challenge the correctness of a post decree order denying their motion for relief under Rule 1.38(b), Florida Rules of Civil Procedure. It was appellants’ contention in their motion and on appeal that appellee Lee had given perjured testimony in this cause. The final hearing in this cause took place on May 12, 13 and 14, 1964. At a trial of a condemnation proceeding, held on July 21 and 22, 1964, in Bre-vard County, involving a portion of the same property referred to in the partnership dissolution agreement, appellee Lee testified as to the value of the property before and after the taking. In his testimony before the court in the instant case Lee had no opinion as to the value of the property at the time of the dissolution of the partnership, to-wit: November 16, 1962. We have examined the relevant portions of the testimony of appellee Lee in both cases. His testimony would appear to be inconsistent at best but far short of any showing of perjury. Assuming that an inconsistency exists, nevertheless the appellants have not adequately demonstrated how such inconsistency would have changed the result. The main issue was whether the dissolution agreement should or should not be vacated. Until that issue was decided the value of the *499 respective interests agreed upon was secondary. The chancellor in our opinion did not abuse the discretion vested in him by a denial of the appellants’ motion.
That portion of the decree finding that the tender for release of a portion of the mortgaged property was properly made is reversed. In all other respects, the decree appealed is affirmed.
Affirmed in part and reversed in part.