CARROLL, Judge.
The appellant Bituminous Casualty Corporation filed an action at law in the circuit court in Dade County against appellees for recovery of insurance premiums. The term of the policies was three years. Under a retrospective premium plan there was a fixed standard premium, and at the end of the period, within certain fixed minimum and maximum limits, additional premium payments would be required (gauged upon the size or rate of the premium initially paid), determined and controlled by the amount of the losses for the period involved.
*716 When two years of the three year term had elapsed, and after the insured had sustained substantial losses, the insurer terminated the policies, and sought additional premiums in the amount of $8,741.03. The ■cancellation was authorized under the policies and was not for nonpayment of premium. The endorsement on the policies relating to retrospective premiums was attached to the complaint, which alleged that under provisions of said endorsement there was due in addition to the standard premium “a retrospective premium computed for the period such policy was in force and effect based upon the standard premium and the incurred losses sustained thereunder,” and that as computed under the terms thereof the additional premium was the said sum of $8,741.03. The retrospective premium plan was referred to in the record as being complex. However, it was complex only in application. The plan was clear and simple. The loss experience figures were shown by exhibits to the complaint as amended. In answer to the complaint the defendants put the plaintiff on proof and contended the standard premium was all that was required in view of the cancellation of the policies. The cause was submitted for final hearing on the pleadings, affidavits dealing with the plan, a stipulation of facts and the arguments of counsel. The stipulation set out the following facts:
“1. That on or about April 1, 1958, the Plaintiff issued Workmen’s Compensation, Policy #WC306885 and Comprehensive Liability Insurance, Policy #CL841075 to the Defendants for the policy period of April 1, 1958 to April 1, 1959.
“2. That on or about March 25, 1959, policies #WC306885 and #LC846601, were issued by the Plaintiff to the Defendants for the policy period of April 1, 1959 to April 1, 1960.
“3. That a Retrospective Premium Endorsement-Three-Year-Plan D formed a part of all policies and was effective April 1, 1958.
“4. That on April 1, 1960, the Plaintiff did not issue policies for Workmen’s Compensation and Employer’s Liability and Comprehensive insurance during the period of April 1, 1960 to April 1, 1961 and the Plaintiff can-celled the Retrospective Rating Endorsement-Three-Year-Pian-D for reasons other than nonpayment of premium. • It is the Plaintiff’s contention that there is due the Plaintiff from the Defendants the amount of $8,741.03, plus interest at 6% since said amount be-» came due and payable.
“5. It is the Defendants’ contention that all premiums have been paid by the Defendants to the Plaintiff and that as a matter of fact, the Defendants contend that they have paid premiums in excess thereof.
“6. That the terms and conditions of the aforesaid policies and endorsement, together with the manual of the National Council on Compensation Insurance are to be used by the Court in its consideration of this claim.”
The detenminative question in the trial court, and on this appeal, was whether cancellation before the end of the stipulated term of three years operated to prevent application of the retrospective premium plan for the two year period the policies were in effect. The trial court held that it did, and granted judgment for the defendants. Plaintiff then took this appeal. Certain applicable provisions from the documents involved were referred to and quoted in the judgment, as follows:
“6. That the terms and conditions of the aforesaid policies and endorsement, together with the manual of the National Council on Compensation Insurance are to be used by the Court in its consideration of this claim.
*717 “The Retrospective Premium Endorsement attached to the policy provides :
“ ‘5. Cancellation.
“ ‘The cancellation or non-renewal, prior to the end of the three year period, of any policy designated in Table 1 shall be deemed to be can-celation of the retrospective rating plan, and the premium for insurance subject to Plan D for the period such policies have been in force shall be computed in accordance with the other provisions of this endorsement sf: * f
■“Under the title, ‘Conditions,’ the policy provides:
■“ ‘ * * * Upon termination of this policy, the earned premium shall be computed in accordance with the rules, rates, rating plans, premiums .and minimum premiums applicable to the insurance in accordance with the manuals in use by the company.’
“The manual of the National Council on Compensation Insurance referred to in the Stipulation, and Joint Exhibit 1, provides in Paragraph 2 of Section IV—
“ ‘If cancelation is effected by the insurance carrier, the Retrospective Rating Premium will be determined throughout on the basis of the actual ■earned Standard Premium for the period from the Rating Date to the date of cancelation, * * * ’ ”
We are impelled to disagree with the learned trial judge in his construction of the documents. The record shows the trial judge reached his conclusion on two grounds. One of them, stated in the judgment, was that the plaintiff failed to designate the specific provisions of the policy -upon which its contention was predicated. Appellant points out that any such doubt was eliminated in the petition for rehearing and in the recorded argument thereon. A party contending for a construction of such documents is not required to point to a particular provision as being determinative of his contentions. As stated in 7 Fla.Jur., Contracts § 77: “It is a cardinal rule in the construction of contracts that the intention of the parties thereto, will be ascertained from a consideration of .the whole agreement. It is not enough to look to an isolated phrase or paragraph of the contract. All of the parts are to be compared, used, and construed with reference to each other. * * * ” See Triple E Development Co. v. Floridagold Citrus Corp., Fla. 1951, 51 So.2d 435, 438; Lalow v. Codomo, Fla.1958, 101 So.2d 390, 393; Peoples Gas System, Inc. v. City Gas Co., Fla.App. 1962, 147 So.2d 334, 336.
The second ground on which the trial judge proceeded, as disclosed by the record, was that the court concluded that the provision in the endorsement that cancellation of the policies before the end of the three year term would be deemed to be a cancellation of the retrospective rating plan operated retroactively as well as prospectively. We hold, however, that the language used was not .susceptible of that construction, and the additional wording which followed the statement in the endorsement that cancellation of the policies would cancel the endorsement, established the contrary. This is so because after having stated that cancellation of the policy would operate as cancellation of the retrospective rating plan, the quoted provision went on to state that the premium for insurance under Plan D, for the period the policies were in force prior to cancellation, should be computed in accordance with other provisions of the endorsement for retrospective premium .payment. Moreover, the manual of the National Council of Compensation Insurance, which the parties had stipulated should be considered in connection with the language of the policies, as quoted in the judgment, stated clearly that a retrospective rating premium would be *718 applicable for the period the policies were in effect prior to their cancellation.
An insight as to how the retrospective premium plan works is disclosed in State Compensation Insurance Fund v. McConnell, 1965, 46 Cal.2d 330, 294 P.2d 440, 444, where the California Supreme Court, in considering the identical plan, and other plans, said of this Plan D, as follows:
“How retrospective plans work: Retrospective rating is defined in Appendix B to Rating 67 as ‘a plan or method which permits adjustment of the final premium for a Risk on the basis of its own loss experience subject to Maximum and Minimum limits.’
‡ $ ‡ ‡ ‡ ‡
“ * * * In Plan D, the selection of maximum and minimum limits is left (within limits) to agreement between the buyer and seller. Within the limits of the maximum and minimum, Ruling 67 provides formulae reflecting loss experience and costs used in determining the final cost of the insurance. The appropriate formula is applied at the end of the insurance period, and the result is an adjustment of the standard premium to reflect the actual loss and cost experience during the insurance period. This adjustment results in the retrospective rate.”
There were six affidavits before the court. Five were by experts in the field, submitted on behalf of the plaintiff. One was by one of the officers of the defendant corporations. The latter stated the view, expressed in the answer of the defendant corporations, that in view of cancellation before the end of the term the only premium was the standard premium which had been paid. The opinions of the experts, as expressed in their affidavits, was that the retrospective premium plan should be applied to determine the premiums due in addition to the standard premium. For example, the affidavit of the secretary of the National Council on Compensation Insurance stated as follows:
“That I have read a copy (attached hereto) of Retrospective Premium Endorsement — Three Year — Plan D, issued by Bituminous Casualty Corporation effective April 1, 1958 to form a part of policy number WC 306885 issued to Lewis Steel Erection, Inc. and/or Lewis Crane Service, Inc. That the provisions of such Endorsement are standard provisions promulgated by the National Council on Compensation Insurance. That, based upon my belief as to the intent of such provisions, it is my opinion that, with respect to Paragraph 5 — ‘Cancelation’ of such endorsement, in the event of can-celation by the carrier (other than for nonpayment of premium) the premium charged the insured shall be the retrospective premium, that the retrospective premium shall be calculated on the basis of the standard premium earned from the rating date to the date of cancelation, and that such standard premium shall be used to determine the retrospective rating values such as the maximum and minimum premium ratios and the basic premium ration. That the foregoing method of premium determination is also contemplated by Section IV, Paragraph 2 of the Rules of Retrospective Rating Plan D.”
In our opinion the foregoing affidavit presents a proper construction to be placed on the documents involved, which is that the retrospective rating plan, for additional premiums based on losses sustained, shall be applied for the period the policies were in effect. The construction placed thereon by the able trial judge was contrary to the meaning of the documents as shown in their wording and by the evidence.
Accordingly, the judgment appealed from is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.