DANIEL S. PEARSON, Judge.
John Mercer Terminal Warehouse Company, Inc. handled, stored and shipped rolls of printing paper for and under an agreement with Editorial America, a publisher and distributor of magazines. Mount Vernon Fire Insurance Company, Inc. insured Mercer under a warehouseman’s legal liability policy.
In March 1975, Editorial America first learned that some of its printing paper in Mercer’s warehouse had suffered water damage. Editorial advised Mercer, which in turn advised its landlord, a corporation which was separately insured under a liabil *490 ity policy issued by Hartford Fire Insurance Company. Hartford was notified of the loss and in April 1975 caused a public insurance adjuster, General Adjustment Bureau, to investigate. It was not until September 3,1975, that Mercer notified Mount Vernon of the loss. Mount Vernon, like Hartford, employed General Adjustment Bureau to investigate. At the conclusion of this investigation, Mount Vernon denied coverage on the ground that Mercer had violated that provision of the policy which said:
“Insured shall use due diligence to report all losses as soon as they may have known thereof, and file proof of loss as promptly as may be practicable.”
Editorial America sued Mercer and Mount Vernon, and Mercer cross-claimed against Mount Vernon, asserting that it wrongfully denied coverage. The trial court entered a partial summary judgment against Mount Vernon, negating its defense of no coverage.
In prior proceedings, we reversed that judgment upon a finding that Mercer’s failure to notify its insurer created a presumption of prejudice to the insurer which was not conclusively overcome by evidence that Mount Vernon was not in fact prejudiced. See Mount Vernon Fire Insurance Company v. Editorial America, S. A., 374 So.2d 1072 (Fla.3d DCA 1979). The corollary of that decision is not that Mount Vernon was conclusively shown to be prejudiced and thus entitled to summary judgment. Despite this, the trial court, upon our remand, entered summary judgment for Mount Vernon, stating, "... that there is no genuine issue as to any material fact under the findings and law of this case as established on appeal by the per curiam decision of the District Court of Appeal, Third District of Florida, Case No. 79-1020.” We made no such finding and established no such law of the case. Editorial America now appeals. We reverse.
There exist genuine and material issues as to whether Mount Vernon was in fact prejudiced by the late notice and proof of loss. Viewing the evidence most favorably to Editorial America, the issues which remain to be resolved by a jury include: (1) even if prompt notice and proof of loss had been given, could Mount Vernon have taken any steps to minimize the water damage to the paper, in light of facts showing that the water damage was the result of a single occurrence, not a continuing series of events? (2) did the late notice, which prevented immediate investigation of the loss, prejudice Mount Vernon, in light of the dispute as to the cause of the damage and in light of facts showing that the investigation later made fulfilled the apparent requirements of Mount Vernon’s investigator? (3) did the late notice jeopardize Mount Vernon's subrogation rights against the landlord, which rights were admittedly dependent on the facts surrounding the cause of the damage and might not, in any event, be lost in light of the fact that the landlord was otherwise promptly placed on notice of the occurrence?
Accordingly, we reverse the summary judgment entered in favor of Mount Vernon Fire Insurance Company. H. S. Equities, Inc. v. Hartford Accident & Indemnity Co., 334 So.2d 573 (Fla.1976); Allstate Insurance Co. v. Korschun, 350 So.2d 1081 (Fla.3d DCA 1977); Kaplan v. Phoenix of Hartford Insurance Co., 215 So.2d 893 (Fla.3d DCA 1968). See also Tiedtke v. Fidelity and Casualty Co. of N. Y., 222 So.2d 206 (Fla.1969).
Reversed and remanded.