438 So.2d 56 (1983)
John HOLINDA, et al., Appellants,
v.
TITLE AND TRUST COMPANY OF FLORIDA, Appellee.
No. 82-1589.
District Court of Appeal of Florida, Fifth District.
August 25, 1983.
Rehearing Denied October 4, 1983.
Michael M.M. Wallis of Wolfe, Kirschenbaum, Caruso, Mosley & Kabboord, P.A., Cocoa Beach, for appellants.
Charles M. Harris of Crofton, Holland, Starling, Harris & Severs, P.A., Titusville, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellants John and Diane Holinda sued appellee Title and Trust Company of Florida *57 for damages under a title insurance policy. The Holindas appeal from a final summary judgment entered in favor of Title and Trust.
Title and Trust failed to except four liens in the title policy purchased by the Holindas. The liens were subsequently discovered when the Holindas were attempting to re-sell the property and the Holindas paid off the lienholders. In defending against the instant action, Title and Trust did not contest the validity of the liens, but rather claimed it has no liability because of paragraph 7 of the policy which provides:
LIMITATION OF LIABILITY
No claim shall arise or be maintainable under this policy ...
(C) for liability voluntarily assumed by an insured in settling any claim or suit without prior written consent of the Company.
In an affidavit in opposition to Title and Trust's motion for summary judgment, Diane Holinda admitted that she and her husband had failed to secure Title and Trust's written consent prior to settling the claims but stated that Title and Trust had not been prejudiced by this omission as the claims were certain and definite.[1] She further stated that several unsuccessful attempts were made to contact Title and Trust's agent prior to settlement of the claims and that it was necessary to pay off the lienholders in order to consummate the sale of the property.
Title and Trust initially argues that the Holindas could have no cause of action against it until there was an actual loss under the policy and payment of a claim or judgment before execution against the property amounts to a voluntary settlement of the claim. We reject this argument and hold that the satisfaction of an outstanding judgment which is a valid, enforceable lien on the real property does not constitute a "voluntary satisfaction." See Endruschat v. American Title Ins. Co., 377 So.2d 738 (Fla. 4th DCA 1979). But see Blessing v. American Title & Ins. Co., 121 So.2d 455 (Fla. 1st DCA 1960). As shown here, the satisfaction of such claims was necessary in order to complete the sale of the property.
Title and Trust further argues that even if the payments were not voluntary, the Holindas' failure to obtain its written consent prior to settling the claims absolves it of liability under paragraph 7 of the policy. Clearly the parties could validly contract to require such advance notice and written consent. Indeed, such a provision may be prudent to prevent an insured from settling a questionable claim and then demanding indemnification from the insurer.
However, in the instant case, this consideration appears to be absent, especially as to the two judgment liens which constituted final adjudications adverse to the Holindas' title. It is unclear how Title and Trust was adversely affected by the Holindas' settlement of the liens against the property.
There are cases involving insurance claims which hold that while the failure of the insured to give timely notice of loss in contravention of the policy may constitute a legal basis for the denial of policy benefits, the insured may recover if he can show that the late notice did not prejudice the insurer. H.S. Equities, Inc. v. Hartford Accident & Indemnity Co., 334 So.2d 573 (Fla. 1976); Ideal Mutual Ins. Co. v. Waldrep, 400 So.2d 782 (Fla. 3d DCA 1981). A presumption of prejudice to the insurer exists and the burden is on the insured to show that his late notice did not cause prejudice. Ideal Mutual, 400 So.2d at 785. See also Mount Vernon Fire Ins. Co. v. Editorial America, S.A., 374 So.2d 1072 (Fla. 3d DCA 1979). We believe that this principle is applicable here and that the Holindas are entitled to recover for their loss under the policy if they can show that Title and Trust was not prejudiced by their failure to *58 obtain its advance written consent to the settlements.
Because the issue of prejudice to Title and Trust is still outstanding, it was error to enter final summary judgment. We reverse and remand for trial on this issue.
REVERSED and REMANDED for trial.
ORFINGER, C.J., and COBB, J., concur.
NOTES
[1] The four liens were:

1) a tax lien in favor of the State of Florida,
2) a judgment lien in favor of Jim Walter Door Sales of Brevard, Inc.,
3) a judgment lien in favor of Adobe Building Corp.; and
4) a mechanics lien foreclosure action in favor of Rinker Material Corporation.