350 So.2d 1081 (1977)
ALLSTATE INSURANCE CO., Appellant,
v.
Robert S. KORSCHUN, Appellee.
No. 76-1068.
District Court of Appeal of Florida, Third District.
September 13, 1977.
Rehearing Denied November 8, 1977.
Weinstein & Bavly and Arthur J. Morburger, Miami, for appellant.
Pozen & Gold, Miami, for appellee.
Before PEARSON, HAVERFIELD and HUBBART, JJ.
HUBBART, Judge.
The plaintiff Allstate Insurance Company appeals from a final judgment in favor of its insured, the defendant Robert S. Korschun, in a suit for declaratory and injunctive relief, which judgment permits the defendant Korschun to proceed to arbitration on his uninsured motorist claim against Allstate. Allstate contends that the defendant Korschun is not entitled to arbitrate this claim for lack of coverage because Korschun did not report to the police the hit and run automobile accident giving rise to the claim within 24 hours after the accident in violation of an insurance policy provision requiring such notice.
The law is clear that a 24 hour notice requirement to the police or appropriate government authority is a valid provision and generally a condition precedent to obtaining uninsured motorist coverage in a hit and run automobile accident. The reason for such a requirement is to allow the police and other interested parties (such as the insurance company) an opportunity to investigate, search and possibly apprehend the hit and run driver, thus facilitating inquiry whether the hit and run vehicle was in fact uninsured and allowing the insurer to enforce its subrogation rights against a negligent uninsured hit and run motorist. McKay v. Highlands Insurance *1082 Co., 287 So.2d 393, 395 (Fla. 3d DCA 1973). While prejudice to the insurer is presumed in the case of non-compliance with such a notice requirement, the insurer will not automatically be relieved of liability simply by showing that notice was not given within the time provided for in the policy if the insured can demonstrate that the insurer has not thereby been prejudiced. Laster v. United States Fidelity and Guaranty Co., 293 So.2d 83, 86 (Fla. 3d DCA 1974). See Tiedtke v. Fidelity and Casualty Co. of New York, 222 So.2d 206 (Fla. 1969).
We reverse and remand for a new trial. The defendant Korschun did not report to the police the hit and run accident giving rise to his uninsured motorist claim within 24 hours of the accident and failed to establish in the trial court that the insurer Allstate was not prejudiced by the failure to so notify. A troop of boy scouts was camped near the scene of the accident and the defendant Korschun failed to show that none of these young men saw or could identify the phantom vehicle which allegedly caused the accident. A prompt reporting of the accident to the police may have led to such a witness among the boy scout troop. The defendant Korschun, however, was cut off at trial during the presentation of his case with a ruling in his favor and may very well have had other evidence establishing that no one in the boy scout troop had any knowledge concerning the accident, which evidence he was not permitted to present. Consequently, we reverse the judgment entered and remand the cause for a new trial.
Reversed and remanded for a new trial.