358 So.2d 109 (1978)
Ileana TORRES, Etc., et al., Appellants,
v.
The PROTECTIVE NATIONAL INSURANCE COMPANY OF OMAHA, Etc., Appellee.
No. 77-956.
District Court of Appeal of Florida, Third District.
May 2, 1978.
*110 Thomas F. Gillotte, Miami, and Richard L. Zapf, Coral Gables, for appellants.
Leland E. Stansell, Jr., and Robert A. Glassman, Miami, for appellee.
Before HUBBART and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
KEHOE, Judge.
Appellants, plaintiffs below, bring this appeal from a summary final judgment dated April 13, 1977, entered by the trial court in favor of appellee, defendant below. For the reasons set forth below, we reverse.
Appellants' twelve year old daughter, Ileana Torres, was struck by a hit and run driver. Because she was truant from school at the time of the accident, Ileana lied to her parents about the cause of her injuries. Approximately two weeks later, appellants learned the true cause of their daughter's injuries. Appellants then immediately notified the police of the accident. Appellants also notified and made a claim against appellee, their insurer, under an automobile insurance policy which provided coverage, under the uninsured motorist section, for the injuries sustained by Ileana. Appellee refused to pay this claim on the ground that appellants had failed to give it proper notice pursuant to the terms of the policy.
As a result of appellee's refusal to pay, appellants filed a complaint, as amended, seeking to compel appellee to arbitrate the claim. Subsequently, appellee filed a motion for summary judgment on the ground that appellants had failed to comply with the provisions of the policy which provided that notice must be given within 24 hours of the accident. Thereafter, on this ground, the trial court granted appellee's motion for summary judgment. From the order granting summary final judgment, appellants appeal.
Appellants contend that the trial court erred by entering the summary final judgment in favor of appellee and by holding that appellants' failure to comply with the notice provisions of the policy barred their recovery.
Appellee contends, basically, that the trial court did not err by granting its motion for summary judgment because appellants failed to satisfy a material condition precedent to recovery, i.e., the requirements of the notice provision of the policy. Appellee further contends that there existed no genuine issue of any material fact at the time the trial court granted its motion for summary judgment. It is with appellee's last contention that we disagree. The applicable principles of law, in cases such as this one, were articulated by Judge Hubbart in Allstate Insurance Co. v. Korschun, 350 So.2d 1081, 1081-82 (Fla.3d DCA 1977), as follows:
"The law is clear that a 24 hour notice requirement to the police or appropriate government authority is a valid provision and generally a condition precedent to obtaining uninsured motorist coverage in a hit and run automobile accident. The reason for such a requirement is to allow the police and other interested parties (such as the insurance company) an opportunity to investigate, search and possibly apprehend the hit and run driver, thus facilitating inquiry whether the hit and run vehicle was in fact uninsured and allowing the insurer to enforce its subrogation rights against a negligent uninsured hit and run motorist. McKay v. Highlands Insurance Co., 287 So.2d 393, 395 (Fla.3d DCA 1973). While prejudice to the insurer is presumed in the case of noncompliance with such a notice requirement, the insurer will not automatically be relieved of liability simply by showing that notice was not given within the time provided for in the policy if the insured can demonstrate that the insurer has not thereby been prejudiced. Laster v. United States Fidelity and Guaranty Co., 293 So.2d 83, *111 86 (Fla.3d DCA 1974). See Tiedtke v. Fidelity and Casualty Co. of New York, 222 So.2d 206 (Fla. 1969)."
Based upon these principles, it is our opinion that the summary judgment in the instant action was prematurely granted. The pleadings and affidavits on file with the trial court, at the time of the entry of the summary judgment, created a genuine issue of a material fact, i.e., whether the insurer was, in fact, prejudiced by appellants' failure to conform to the notice provisions of the policy, which precluded the entry of a summary judgment. Fla.R.Civ.P. 1.510. Accordingly, the summary final judgment appealed is reversed and the cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.