**ST. PAUL MERCURY INSURANCE COMPANY, a Minnesota Corporation, Plaintiff-Appellant,**

**v.**

**Paul Emerson FORD, Jr., Paul Emerson Ford, Sr. and Ralph Clinton Steele, Defendants-Appellees.**

**No. 78–1654**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Dec. 7, 1978.

Benjamin H. Kilborn, Mobile, Ala., for plaintiff-appellant.

Robert A. Beckerle, Mobile, Ala., for Paul Emerson Ford, Jr., and Paul Emerson Ford, Sr.

J. F. Janecky, Mobile, Ala., for Ralph Clinton Steele.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

In this diversity case brought under the Declaratory Judgment Act, 28 U.S.C.A. § 2201, St. Paul Mercury Insurance Company (St. Paul) seeks a declaration that it is absolved from its obligation to defend its insureds or pay any damages that might be awarded against them in a wrongful death action pending in state court.[1] As grounds for this relief, St. Paul argues that insured Paul Emerson Ford, Jr. breached the notice and cooperation clauses of the insurance

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

1. The defendants in this federal action are: Paul Emerson Ford, Sr., the named insured of the automobile liability insurance policy issued by St. Paul; Paul Emerson Ford, Jr., driver of

agreement by making a material misrepresentation to a St. Paul adjuster. The District Court entered summary judgment in favor of defendants. We affirm.

At approximately 2:30 a. m., July 5, 1976, a car driven by Ford, Jr., age 17, was involved in a one-car accident. A passenger in the car, Melvin Kurt Steele, age 14, was killed.

On July 7, 1976, a St. Paul insurance adjuster conducted a telephone interview with Ford, Jr. During the conversation, the following colloquy took place:

Q. "Okay, and was anyone drinking?"
A. "No, sir."

Subsequently, a wrongful death action was brought in state court against Paul Emerson Ford, Sr. and Ford, Jr. by Ralph Clinton Steele, father of the deceased. St. Paul assumed the defense of the action without any reservation of rights.

On December 30, 1976, at an office conference with the Fords, an attorney representing St. Paul in the wrongful death action was informed by Ford, Jr. that he and others in his car had been drinking shortly before the accident. This information was conveyed to St. Paul by the attorney in a letter dated January 6, 1977. The letter was received in St. Paul's office on January 7, 1977.

At his deposition of March 24, 1977, Ford, Jr. again stated that he had been drinking on the night of the accident. Shortly after the deposition, St. Paul was advised (by the same attorney as before) that Ford, Jr. had testified to drinking on the night of the accident.

Four days later, St. Paul gave notice to the Fords that it considered the insurance policy breached due to Ford, Jr.'s alleged misrepresentation. St. Paul stated that further defense of the Fords would be under reservation of rights. A few days later, this declaratory judgment action was filed by St. Paul.

On cross motions for summary judgment, the District Court entered summary judg-ment in favor of the defendants, holding that as a matter of law there was no misrepresentation and therefore no breach of the insurance agreement. In holding that there was no misrepresentation, the District Court made the following finding:

The Court has considered the statement made by defendant Ford, Jr. in the July 7, 1976 interview, and finds as a matter of law that the statement made by such defendant, viewed in the context of the totality of the interview, was not a misrepresentation at all, but rather was truthful. . . . The Court has considered all the questions asked in the interview, together with the fact that the interview took place on the day after the accident, and concludes that when defendant Ford, Jr. answered "no, sir" to the question: "Okay and was anyone drinking?" such defendant was giving a truthful recitation of the facts as they existed at the time of the accident as that question was framed. . . . The Court is convinced that the defendant insured should not be compelled to bear the burden of the insurance agent's inarticulateness.

Record, at 89–90.

In our view, the District Court was correct in its conclusion that there was no misrepresentation. In the traumatic aftermath of a fatal accident, a single answer to an inarticulate question cannot be considered a misrepresentation. Indeed, from the undisputed facts before us, the only inference that reasonably can be drawn is that Ford, Jr.'s response was simply the right answer to the wrong question. When the right question (i. e., whether Ford, Jr. had been drinking the evening of the accident) was finally asked, at the conference with the attorney representing St. Paul, Ford, Jr. replied truthfully, as he has done throughout the investigation.

St. Paul's own conduct refutes any inference that a misrepresentation occurred. During the approximately three months' interval between learning of the alleged discrepancy between Ford, Jr.'s statements

the automobile involved in the collision and also an insured within the terms of the insur-ance policy; and Ralph Clinton Steele, plaintiff in the state court wrongful death action.

and the repudiation of the insurance agreement, St. Paul never once indicated that it considered Ford, Jr.'s statement to the adjuster to have been untrue. In light of this circumstance, St. Paul's current allegations, based merely on hindsight and surmise, are insufficient to show the existence of a genuine and material factual dispute.

Under F.R.Civ.P. 56(c), summary judgment is proper where there is "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." In this case, the conditions of Rule 56(c) are clearly met. The facts are undisputed, and these facts lead to the inescapable conclusion that Ford, Jr. did not misstate the truth. Given that there was no misrepresentation, there was no breach of the insurance policy. Hence, it goes without saying that defendants are entitled to a judgment in their favor. The District Court's grant of summary judgment in favor of defendants was correct.

AFFIRMED.