384 So.2d 904 (1980)
UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant,
v.
Juan PEREZ et al., Appellees.
Nos. 79-215, 79-1252.
District Court of Appeal of Florida, Third District.
June 3, 1980.
Rehearing Denied July 11, 1980.
*905 Wicker, Smith, Blomqvist, Davant, Tutan, O'Hara & McCoy and Richard A. Sherman, Miami, for appellant.
Horton, Perse & Ginsberg and Edward A. Perse, Ratiner & Glinn, Carey, Dwyer, Cole, Selwood & Bernard, Miami, for appellees.
Before HENDRY, HUBBART and NESBITT, JJ.
PER CURIAM.
The final judgment on insurance coverage, which was entered below after a nonjury trial and is now under review by this appeal, is affirmed upon a holding that:
1. There was insurance coverage for the incident sued upon under the subject insurance policy because it is properly inferable from this record that the insured defendant [Maria Otero] did not intend to harm the plaintiff's decedent [Johnny Perez], but only to frighten him, when she fired her gun and accidently, recklessly and through culpable negligence killed him; Cuna Mutual Casualty Co. v. Adamides, 334 So.2d 75, 76 (Fla. 3d DCA 1976); Grange Mutual Casualty Co. v. Thomas, 301 So.2d 158 (Fla. 2d DCA 1974).
2. The insured defendant's conviction for second degree murder [§ 782.04(2), Fla. Stat. (1979)] based on the subject incident does not defeat the insurance coverage herein as the law is well-settled that recklessly firing a gun into a crowd of people constitutes second degree murder when a person is killed thereby even though, as here, the defendant has no intent to hit or kill anyone. Golding v. State, 26 Fla. 530, 8 So. 311 (1890); 16 Fla.Jur.2d "Criminal Law" § 1059 (1979); LaFave and Scott, Criminal Law 543 (1972).
3. The insured defendant's failure to cooperate did not result in substantial prejudice to the defendant insurer [United States Fidelity & Guaranty Co.] so as to defeat coverage under the subject insurance policy because the defendant insured's testimony could not possibly have been beneficial to the said insurer; the record clearly demonstrates that such testimony would have established the insured defendant's negligence in this cause and, accordingly, the presence of insurance coverage under the subject policy. Ramos v. Northwestern Mutual Insurance Co., 336 So.2d 71, 75 (Fla. 1976).
4. The defendant insured's testimony given at the criminal proceedings herein was properly admitted at the non-jury trial *906 by the trial court on the issue of whether the defendant insurer was prejudiced by the defendant insured's non-cooperation as such evidence was relevant on the subject issue and was not otherwise inadmissible as hearsay; such testimony was not admitted to prove the truth of the matter stated, but only to show that such testimony was, in fact, the insured's position in this cause. Pauline v. Lee, 147 So.2d 359, 363 (Fla. 2d DCA 1962); § 90.801(1)(c), Fla. Stat. (1979).
5. No other reversible error is shown on this record. The defendant insurer's "precautionary" appeal from the final judgment on damages after a subsequent non-jury trial in this cause is also affirmed as no point on appeal is directed to such judgment.
Affirmed.