401 So.2d 1143 (1981)
CENTENNIAL INSURANCE COMPANY, Appellant,
v.
TOM GUSTAFSON INDUSTRIES, INC., Appellee.
No. 79-1309.
District Court of Appeal of Florida, Fourth District.
July 22, 1981.
Rehearing Denied August 26, 1981.
Larry Klein, West Palm Beach, and Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellant.
Joel L. Kirschbaum of Esler, Kirschbaum & Pomeroy, and Thomas F. Gustafson of Kahn & Gustafson, Fort Lauderdale, for appellee.
HURLEY, Judge.
Centennial Insurance Company appeals from a summary judgment finding coverage under an insurance policy issued by Centennial to Tom Gustafson Industries, Inc. The trial court found that Centennial had either waived its coverage defenses or was estopped from asserting them because of prejudice to the insured. Our review of the record leads us to conclude that (1) waiver of the coverage defenses was not established, and (2) the existence of prejudice, or the lack thereof, is a contested factual matter which cannot be resolved on summary judgment. Thus, we reverse.
In October, 1976, Tom Gustafson Industries, Inc., a painting contractor, was sued by The Wittington Condominium for allegedly failing to properly seal and paint the condominium. Gustafson, in turn, notified Centennial, its insurer, of the suit. Pursuant to its contractual responsibility to defend, Centennial retained the law firm of Pomeroy, Betts & Wiederhold to represent Gustafson.
Both parties commenced discovery by having experts examine the building to *1144 view the alleged paint defects; thereafter, the building was repainted by another contractor. Shortly after repainting commenced, Centennial determined that there was a coverage question. It reasoned that an exclusion in the policy was operative and, consequently, coverage did not exist. Centennial informed Gustafson's counsel of its position and was immediately told that although counsel had been retained by Centennial, the canons of professional ethics required him to give complete loyalty to the insured-client. Thus, counsel suggested that if Centennial desired to pursue the coverage issue, it must retain a separate law firm to file a declaratory action.
In December of 1977, Centennial intervened in the action between the condominium association and Gustafson in order to seek a declaratory judgment on the coverage question. However, not until January of 1978, did Centennial notify Gustafson that it was providing a defense in the main action under a reservation of rights. Gustafson responded by filing a counterclaim against Centennial which alleged, among other things, that Gustafson had been prejudiced in its defense of the main claim by the tardiness of Centennial's notice of reservation of rights. Gustafson claimed that Centennial had failed to retain a chemist who could have analyzed the paint and provided expert testimony at trial. Now, due to the repainting, Gustafson claimed that it was too late to take remedial action.
Next, Gustafson filed a motion for summary judgment. After a hearing, the court granted the motion and entered judgment declaring that coverage existed in favor of Gustafson. The court expressly based its decision on the following allegation from Gustafson's motion:
CENTENNIAL INSURANCE COMPANY has waived the coverage defenses relied upon in their Amended Complaint for Declaratory Decree for failure to raise them within a reasonable time and/or is estopped from asserting them at this time or any future date in view of the prejudice to TOM GUSTAFSON INDUSTRIES, INC. arising out of the failure of CENTENNIAL INSURANCE COMPANY to notify TOM GUSTAFSON INDUSTRIES, INC. of their reservation of rights and their failure to provide appropriate expert examination of the subject building prior to it being repainted and to otherwise give TOM GUSTAFSON INDUSTRIES, INC. an opportunity to defend itself or be apprised of the opportunity to defend itself.
We are compelled to disagree with the learned trial judge. It is settled that an insurer may provide a defense to its insured while reserving the right to challenge coverage if timely notice of such reservation is given to the insured. Midland Insurance Company v. Watson, 188 So.2d 403 (Fla. 3d DCA 1966). However, a delay in informing the insured of a dispute as to coverage may result in estoppel of the insurer from contesting coverage if the insured can show that he has been prejudiced. Phoenix Assurance Company v. Hendry Corporation, 267 So.2d 92 (Fla. 2d DCA 1972), cert. discharged, 277 So.2d 532 (Fla. 1973). The existence of prejudice, if contested  as it was in the case at bar  presents a factual issue which cannot be resolved by summary judgment. See Torres v. Protective National Insurance Company of Omaha, 358 So.2d 109 (Fla. 3d DCA 1978).
Also, we have carefully reviewed the letters written by Gustafson's counsel to Centennial and find that none of the statements therein demonstrate a conflict of loyalties which would estop Centennial from asserting a denial of coverage. Counsel consistently informed Centennial that, pursuant to the canons of professional responsibility, his singular duty was to the insured-client and that if Centennial wished to pursue its rights in a declaratory judgment action, it must do so by other counsel. We believe that Gustafson's counsel, albeit that he was selected and retained by Centennial, demonstrated an appropriate sensitivity to the problems of dual representation and gave undeviating fidelity to Gustafson's interests. Accordingly, we reverse the summary judgment and remand the case for further proceedings.
HERSEY and BERANEK, JJ., concur.