PER CURIAM.
James Donnell, plaintiff below, appeals from a summary judgment entered in favor of the defendant-appellee Industrial Fire & Casualty Insurance Co. This is the second time that this case has been before this court following entry of a summary judgment. Again, we reverse.
The facts and procedural history of this case may be found in Donnell v. Industrial Fire & Casualty Insurance Co., 378 So.2d 1344 (Fla. 3d DCA 1980). After remand from this Court, appellee again moved for summary judgment, which was granted. From the transcript of the hearing it appears that the trial court was persuaded that the issues of failure to cooperate and prejudice were fully litigated in a prior proceeding and that the trial court in the earlier proceeding simply entered the wrong order. We find nothing in the record which supports the conclusion that there has been a final adjudication of these issues.
It is well settled in Florida that the defense of lack of notice and other breaches of a cooperation clause by an insured require a showing of substantial prejudice to the rights of the insurer. Ramos v. Northwestern Mutual Insurance Co., 336 So.2d 71 (Fla.1976); Travelers Insurance Co. v. Jones, 422 So.2d 1000 (Fla. 4th DCA 1982), rev. denied, 431 So.2d 990 (Fla.1983); United States Fidelity & Guaranty Co. v. Perez, 384 So.2d 904 (Fla. 3d DCA), rev. denied, 392 So.2d 1381 (Fla.1980). This is true in other jurisdictions as well. Cf. St. Paul Mercury Insurance Co. v. Ford, 585 F.2d 760 (5th Cir.1978) (Alabama); Hodges v. State Farm Mutual Automobile Insurance Co., 488 F.Supp. 1057 (D.S.C.1980) (South Carolina); Associated Indemnity Co. v. Insurance Co. of North America, 68 Ill.App.3d 807, 25 Ill.Dec. 258, 386 N.E.2d 529 (1979) (Illinois); Smith v. Travelers Indemnity Co., 32 Cal. App.3d 1010, 108 Cal.Rptr. 643 (1973) (California). But see contra Yale v. National Indemnity Co., 664 F.2d 406 (4th Cir.1981) (North Carolina). As was stated in Ramos v. Northwestern Mutual Insurance Co., supra:
Not every failure to cooperate will release the insurance company. Only that failure which constitutes a material breach and substantially prejudices the rights of the insurer in defense of the cause will release the insurer of its obligation to pay. The question of whether the failure to cooperate is so substantially prejudicial as to release the insurance company of its obligation is ordinarily a question of fact, but under some circumstances, particularly where the facts are admitted, it may well be a question of law.
Id. at 75.
Appellant argues that if there has been any prejudice to the appellee, it is the result of appellee’s own lack of diligence in investigating the claim once it had notice of the accident. This argument has merit. The record reveals that appellee acknowledged notice of the claim on May 21, 1976 and that an outside investigator was assigned the file on May 26,1976. On August 5, 1976 the file was assigned to appellee’s investigator who determined on September 29, 1976 that the insured was in New York and had been there for approximately one month. A printout of the insured’s driver record indicates, however, that the insured received a speeding ticket in Broward County on August 22, 1976. A substantial question of fact emerges from the record as to the issue of prejudice and to the underlying cause therefor if prejudice in fact exists. Since the party moving for summary judgment is required to establish conclusively the non-existence of a genuine issue of material fact, Seinfeld v. Commercial Bank & Trust Co., 405 So.2d 1039 (Fla. 3d DCA 1981), this contested issue of prejudice raises a factual issue which cannot be resolved by summary judgment. Holinda v. Title & Trust Co. of Florida, 438 So.2d 56 (Fla. 5th DCA 1983); Centennial Insurance *976 Co. v. Tom Gustafson Industries, Inc., 401 So.2d 1143 (Fla. 4th DCA 1981), rev. denied, 412 So.2d 471 (Fla.1982); Tucker v. Seward, 400 So.2d 505 (Fla. 5th DCA 1981); Torres v. Protective National Insurance Co. of Omaha, 358 So.2d 109 (Fla. 3d DCA 1978); Allstate Insurance Co. v. Korschun, 350 So.2d 1081 (Fla. 3d DCA 1977), cert. denied, 359 So.2d 1216 (Fla.1978).
Reversed and remanded for an adjudication on the issues of failure to cooperate and prejudice to the rights of the appellee.