550 So.2d 22 (1989)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Susan GARRETT, Appellee.
No. 88-02210.
District Court of Appeal of Florida, Second District.
July 28, 1989.
Rehearing Denied September 13, 1989.
*23 George A. Vaka of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for appellant.
Robert T. Joyce of Joyce & Reyes, Tampa, for appellee.
CAMPBELL, Chief Judge.
Appellant, Allstate Insurance Company, appeals the summary judgment entered in favor of appellee, Susan Garrett. We reverse.
Appellee Garrett brought suit against appellant Allstate seeking recovery of personal injury protection (PIP) benefits alleging that Allstate had wrongfully discontinued payment of PIP benefits for chiropractic treatment she was receiving as a result of injuries she sustained in an automobile accident which occurred on May 11, 1987. Allstate initially paid PIP benefits for Garrett's chiropractic treatment because Garrett resided with her mother, whom Allstate insured, thus entitling Garrett to coverage. Subsequently, as a result of an independent medical evaluation performed by a board certified orthopedic surgeon who opined that no further medical or chiropractic treatment of Garrett was required, Allstate advised Garrett that the payment of the PIP benefits was being discontinued. Garrett thereupon filed her action below alleging that Allstate's withdrawal of the payment of PIP benefits violated section 627.736(7)(a), Florida Statutes (1987).
Section 627.736(7)(a) provides that an insurer may not withdraw payment to a treating physician[1] (in this case a chiropractor) without the consent of the injured person for whom the benefits are paid unless the insurer first obtains a report by a physician, licensed under the same licensing chapter as the treating physician, indicating that further treatment is not necessary or reasonable. Garrett argues that inasmuch as Allstate's report was from an orthopedic surgeon rather than from a chiropractor, termination of payments based upon the report of the orthopedic surgeon is statutorily improper. The trial judge agreed and entered summary judgment for Garrett.
Allstate presents three issues to us in support of its argument that the summary judgment for Garrett should be reversed and that on remand we should direct the entry of summary judgment for Allstate pursuant to its motion for summary judgment on the constitutionality of the 1987 amendment to section 627.736(7)(a), as it applies to Allstate's contract. Allstate first argues that section I of chapter 87-282, Laws of Florida, which amended section 627.736(7)(a), is unconstitutional as violative of article III, section 6 of the Florida Constitution because it embraces more than one subject or matter properly connected with that one subject. Section I of chapter 87-282 amends section 627.736(7)(a) *24 by adding only a final sentence thereto which contains the prohibition against an insurer withdrawing PIP payments to a physician absent a report from a similarly licensed physician.
The title of chapter 87-282 begins with: "An act relating to insurance; amending s. 627.736, F.S., providing conditions under which a personal injury insurer may withdraw payment of a treating physician without consent of the injured person covered by insurance; ... ." The title then describes other additions and amendments to chapters 626 and 627 pertaining to the insurance laws of Florida. We conclude that the subjects which were the object of chapter 87-282 are reasonably related and not violative of article III, section 6. Fine v. Firestone, 448 So.2d 984 (Fla. 1984); Chenoweth v. Kemp, 396 So.2d 1122 (Fla. 1981); State v. Lee, 356 So.2d 276 (Fla. 1978).
Allstate next argues that the amendment to section 627.736(7)(a), enacted by chapter 87-282, violates article I, section 10 of the Florida Constitution in that it impairs the obligation of Allstate's contract of insurance issued to Garrett's mother prior to the effective date of chapter 87-282. We agree and reverse on the basis of that issue. The effective date of Allstate's policy under which it paid PIP benefits to Garrett was January 22, 1987. The automobile accident in which Garrett was injured occurred on May 11, 1987, and Allstate began PIP benefits on behalf of Garrett shortly thereafter. Subsequently, chapter 87-282 was enacted and became effective on July 4, 1987. Allstate attempted to terminate payments to Garrett's chiropractor on the basis of the report of the orthopedic surgeon on August 7, 1987. Prior to July 4, 1987, the effective date of the amendment to section 627.736(7)(a), there was neither a statutory nor a contractual limitation regarding the termination of PIP payments under a contract of insurance. At the time Allstate's policy of insurance was issued, at the time of the accident resulting in Garrett's injuries, and at the time Allstate commenced the PIP payments for the benefit of Garrett, there was no limitation upon the type or specialty of qualified physicians upon whom Allstate could choose to rely in terminating PIP payments. After the date of the amendment to section 627.736(7)(a), Allstate was limited in basing its right to termination of benefit payments to a report from a physician "licensed" similarly to the "physician" whose treatment was sought to be terminated. All medical doctors of whatever specialty are licensed under the same chapter, Chapter 458, Florida Statutes. Chiropractors who are sometimes referred to in the other parts of the Florida Statutes as "physicians" are licensed under a separate chapter, chapter 460, Florida Statutes, and osteopathic physicians under chapter 459, Florida Statutes.[2]
The apparent intent of the amendment to section 627.736(7)(a) is to prevent an insurer from using reports of a medical doctor as a basis for termination of payments to a chiropractor or osteopath and vice-versa. This restriction on the rights of Allstate that existed in regard to the policy in question clearly impairs the obligation of that contract and as such is violative of article I, section 10 of the Florida Constitution. The statute in effect at the time an insurance policy is issued governs the rights arising under that contract. State Farm Mutual Automobile Insurance Co. v. Gant, 478 So.2d 25 (Fla. 1985); Poole v. Travelers Insurance Co., 130 Fla. 806, 179 So. 138 (Fla. 1937); Allison v. Imperial Casualty and Indemnity Co., 222 So.2d 254 (Fla. 4th DCA 1969). Any application of the amendment to section 627.736(7)(a) to Allstate's contract of insurance entered into before the amendment became effective constitutes *25 a violation of article I, section 10 of the Florida Constitution. Lumbermens Mutual Casualty Co. v. Ceballos, 440 So.2d 612 (Fla. 3d DCA 1983); Keith v. Culp, 111 So.2d 278 (Fla. 1st DCA), cert. denied, 114 So.2d 5 (Fla. 1959).
Finally, Allstate argues a third issue which it stated, as follows, whether:
CHAPTER 87-282, LAWS OF FLORIDA, AND THE 1987 AMENDMENT TO SECTION 627.736(7), FLORIDA STATUTES, DO NOT PRECLUDE AN INSURER FROM SEEKING AN INDEPENDENT MEDICAL EXAMINATION WITH A BOARD CERTIFIED MEDICAL DOCTOR PHYSICIAN TO DETERMINE THE REASONABLENESS OR NECESSITY OF CHIROPRACTIC TREATMENT PROVIDED BY A CHIROPRACTOR WHO IS NOT DEFINED AS A PHYSICIAN PURSUANT TO CHAPTER 458, FLORIDA STATUTES.
As framed, we answer the issue as posed by Allstate in the affirmative. Section 627.736(7)(a) places no limitation upon the type of physician or physicians an insurer may choose to perform an independent mental or physical examination of an injured person covered by PIP insurance. The limitation imposed by the amendment to section 627.736(7)(a) relates only to the type of physician whose report may be used to terminate benefits. We have not been asked and do not address the question of whether such a legislatively-imposed limitation is an impermissible and unconstitutional invasion of the supreme court's rulemaking authority or whether it is an unconstitutional limitation on the right of access to the courts. See Smith v. Department of Insurance, 507 So.2d 1080 (Fla. 1987); Kluger v. White, 281 So.2d 1 (Fla. 1973).
For the reasons stated herein, we reverse the summary judgment entered for appellee Garrett. On remand, Allstate's motion for summary judgment should be granted and summary judgment on the issue presented therein granted to Allstate. In any subsequent proceedings to determine the reasonableness of further treatment for appellee Garrett, Allstate should not be limited in its choice of "physicians" whose expertise may be pertinent to the treatment being rendered.
Reversed and remanded.
FRANK and PATTERSON, JJ., concur.
NOTES
[1] The term "physician" is not defined in chapter 627, except in section 627.6498, and the definition there does not include chiropractors.
[2] Section 458.305(4) defines "physician" as a person licensed to practice medicine. Section 459.003(4) defines "osteopathic physician" as a person licensed to practice osteopathic medicine. Section 460.403(4) defines "chiropractic physician" as any person licensed to practice chiropractic. Chapter 461 regulates the practice of "podiatric medicine" but does not refer to a "podiatrist" as a physician. Section 627.6482, however, defines "physician" for the purposes of sections 627.648 through 627.6498, the State Comprehensive Health Association Act, as a physician licensed under chapter 458, as well as an osteopath, a podiatrist and a dental surgeon for purposes of oral surgery. It does not include chiropractors.