613 So.2d 101 (1993)
Mae DE FERRARI, Appellant,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, etc., Appellee.
No. 91-1007.
District Court of Appeal of Florida, Third District.
January 26, 1993.
Friedman & Friedman, and John S. Seligman, Coral Gables, for appellant.
Barnett, Clark and Barnard, and Jim Clark, Miami, for appellee.
Before BARKDULL, NESBITT and LEVY, JJ.

*102 Revised Opinion on Rehearing
NESBITT, Judge.
On Mae De Ferrari's motion for rehearing and request for clarification, we revise in part our opinion of October 13, 1992 solely to clarify that the instant action sought uninsured motorist benefits only. Accordingly, we vacate that opinion and replace it with the following:
The claimant appeals an adverse summary judgment entered in favor of her carrier. For the following reasons, we affirm.
The insured, Mae De Ferrari, claims she sustained personal injuries as a result of a motor vehicle accident with an uninsured motorist. She was insured by appellee, Government Employees Insurance Company (GEICO), for personal injury protection and uninsured motorist benefits. In connection with her claim, GEICO advised insured's attorney that two independent medical examinations (I.M.E.s) had been scheduled for De Ferrari, one with an internist and one with an orthopedic surgeon.
Insured saw the internist as scheduled; however, her attorney notified GEICO that she would not submit to the I.M.E. by the orthopedic surgeon. Thereafter, insured's counsel sent a letter to GEICO[1] stating her position that, under section 627.736(7)(a), Florida Statutes (1987),[2] the medical examination was to be conducted by a physician "under the same licensing chapter as the treating physician whose treating authorization is sought to be withdrawn." Insured, at the time, was under the care of an internist and a chiropractor. Thus, claimed her counsel, the opinion of an orthopedic surgeon could not be of aid to the insurer, and therefore, was an unreasonable request.
Shortly after receipt of the letter, GEICO informed De Ferrari that coverage was being denied based upon her failure to attend the requested examination. Thereafter, she filed the instant action for breach of contract, whereupon GEICO raised, as an affirmative defense, De Ferrari's failure to comply with proof of claim policy provisions which stated in part:
The injured person will submit to examination by doctors chosen by us, at our expense, as we may reasonably require.
*103 Considering insured's actions and the clear language of the instant policy, we conclude that the insurer was entitled to the summary judgment ordered in its favor. The requested I.M.E. was in no way unreasonable in terms of location, frequency, or type of examination requested. The limitation imposed by the amendment to section 627.736(7)(a), relied upon by insured's counsel, clearly related only to the type of physician whose report could be used to terminate benefits and placed no limitation on the type of physician an insurer could reasonably choose to perform an I.M.E. See Allstate Ins. Co. v. Garrett, 550 So.2d 22 (Fla. 2d DCA 1989), review denied, 563 So.2d 631 (Fla. 1990). Submission to the reasonably requested I.M.E. was a condition precedent to coverage. See Griffin v. Stonewall Ins. Co., 346 So.2d 97 (Fla. 3d DCA 1977); see also Allstate Ins. Co. v. Graham, 541 So.2d 160 (Fla. 2d DCA 1989); Tindall v. Allstate Ins. Co., 472 So.2d 1291 (Fla. 2d DCA 1985), review denied, 484 So.2d 10 (Fla. 1986). See generally 31 Fla.Jur.2d Insurance § 805 (1979). Considering the insured's unreasonable refusal to submit to the examination, the trial court properly concluded that De Ferrari could not maintain her action.
The insured argues that her insurer was not entitled to the summary judgment ordered because the insurer never demonstrated that it was prejudiced by the insured's actions. Thus, the question arises whether prejudice to the insurer's interest was a factor for the trial court to consider upon insured's refusal to submit to the I.M.E. The insurer's position is that no issue of prejudice is involved, however, if prejudice is considered, the burden falls on the insured to prove no prejudice to the insurer by insured's actions. In support of this position, the insurer cites Bankers Ins. Co. v. Macias, 475 So.2d 1216, 1218 (Fla. 1985), wherein the supreme court stated:
The burden should be on the insured to show lack of prejudice where the insurer has been deprived of the opportunity to investigate the facts and to examine the insured. (emphasis added).
The insured analogizes the refusal to submit to an I.M.E. to the breach of a cooperation clause. Florida cases have long held that the defense of breach of cooperation clause places the burden on the insurer to demonstrate prejudice by the insured's actions. One of those cases cited by the insured is also Macias, 475 So.2d at 1218, wherein the court reiterated the general rule:
In a breach of cooperation clause case ... the insurer must show a material failure to cooperate which substantially prejudiced the insured.
See Ramos v. Northwestern Mut. Ins. Co., 336 So.2d 71 (Fla. 1976); United States Fidelity & Guar. Co. v. Perez, 384 So.2d 904 (Fla. 3d DCA), review denied, 392 So.2d 1381 (Fla. 1980); Torres v. Protective Nat'l Ins. Co., 358 So.2d 109 (Fla. 3d DCA 1978); Allstate Ins. Co. v. Korschun, 350 So.2d 1081 (Fla. 3d DCA 1977), cert. denied, 359 So.2d 1216 (Fla. 1978).
We conclude that prejudice is not at issue when an insurer's reasonable request for an I.M.E. is refused by an insured. The Macias case in no way created a new duty to establish prejudice, where none previously existed. Here, the insured failed to meet a condition precedent to coverage and accordingly GEICO's motion for summary judgment was properly granted. See Orozco v. State Farm Mut. Auto Ins. Co., 360 F. Supp. 223 (S.D.Fla. 1972), aff'd, 480 F.2d 923 (5th Cir.1973).
For the foregoing reasons, the summary judgment is affirmed.
NOTES
[1] That letter stated:

Dear [GEICO representative],
Your request for an examination with an orthopedic surgeon is unreasonable in light of the fact that Mrs. De Ferrari has never been examined or treated by an orthopedic surgeon. Section 627.736(7)(a) F.S., specifically states that I.M.E. examination shall be conducted by "a physician licensed under the same licensing chapter as the treating physician whose treating authorization is sought to be withdrawn, stating that treatment was not reasonable, related, or necessary."
Since the insurance policy is silent as to the type of examination which you are entitled to under the uninsured motorist provisions of the policy, I submit that you are bound by the aforesaid statute as to what constitutes a reasonable examination.
Mrs. De Ferrari is ready, willing and able to attend a properly scheduled examination with a physician licensed under the same licensing chapter as Dr. Daniel Roero, the treating physician. If you can cite any language in the policy or any case law which establishes that my position is incorrect, we will gladly submit to an I.M.E. by an orthopedic. Until such time as you can cite such language or case law, we consider the I.M.E. with the orthopedic to be null and void.
 Very truly yours,
 [De Ferrari's counsel]

[2] Section 627.736(7), Florida Statutes (1987) provided:

(a) Whenever the mental or physical condition of an injured person covered by personal injury protection is material to any claim that has been or may be made for past or future personal injury protection insurance benefits, such person shall, upon the request of an insurer, submit to mental or physical examination by a physician or physicians.
... .
An insurer may not withdraw payment of a treating physician without the consent of the injured person covered by the personal injury protection, unless the insurer first obtains a report, by a physician licensed under the same licensing chapter as the treating physician whose treating authorization is sought to be withdrawn, stating that treatment was not reasonable, related, or necessary.
Chapter 90-248, section 11, Laws of Florida, effective October 1, 1990, in subsection (7)(a) deleted "licensed under the same licensing chapter as the treating physician whose treating authorization is sought to be withdrawn."