[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
In this action to recover under an uninsured motorist provision of an insurance, policy, the defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), has moved for summary judgment in its favor against the plaintiffs, Stanley Fleming ("Fleming") and Jeffrey Wright ("Wright") on the grounds that the plaintiffs breached various conditions contained in the insurance policy.
FACTS
Fleming and Wright commenced this action to recover under the uninsured motorist provision of an automobile insurance policy issued by State Farm which covered Wright's 1993 BMW automobile. The Complaint alleges that on or about October 17, 1995 Fleming was the operator, and Wright the passenger in the BMW when it was struck by a vehicle "owned and operated by unknown and unidentified parties." ¶ 2. As a result of the collision Fleming and Wright were injured. ¶ 4.
The following facts have been admitted by the plaintiffs in response to State Farm's Requests for Admission addressed to each plaintiff and dated December 10, 1996:
 2. Prior to the filing of this lawsuit, and on or about February 14, 1996, counsel for the defendant notified the plaintiff, in writing and through his attorney, that pursuant to the terms of the policy of insurance against which the plaintiff asserted his claim for uninsured motorist benefits the defendant had scheduled the plaintiffs independent medical examination to occur on February 27, 1996 before Dr. John Haugh.
 3. Subsequent of February 14, 1996 and prior to February 27, 1996, the plaintiff did not notify or otherwise advise the defendant of his inability to attend the medical examination which the defendant had scheduled to occur with Dr. Haugh on February 27, 1996.
 4. The plaintiff failed to appear for the February 27, 1996 independent medical examination scheduled with Dr. Haugh.
6. 7. The policy of insurance . . . against which the plaintiff CT Page 11195 has asserted his claim . . . provides, in pertinent part, that "a person seeking any coverage must:
 1. Cooperate with us in the investigation, settlement or defense of any claim or suit.
3. Submit, as often as we reasonably require:
 a. To physical exams to physicians we select. We will pay for these exams."
 8. The policy of insurance . . . against which the plaintiff has asserted his claim . . . provides, in pertinent part, that "no legal action may be brought against us until there has been full compliance with all the terms of this policy."
In opposition to the Motion for Summary Judgment the plaintiffs have submitted an unsigned copy of a letter from their attorney to Dr. Haugh, dated April 1, 1996, more than one month after the date of the independent medical examinations had passed. The entire body of the letter is set forth below:
 Enclosed please find two checks in the amount of $150.00 each for the above named clients [Wright and Fleming]. These checks are to cover the appointments that were missed by the two gentlemen. Please inform me of a new date for their independent medical examinations and please bill State Farm Insurance Company.
The only other documents submitted by the plaintiffs are an affidavit from each plaintiff. In the affidavits each plaintiff states that he gave one statement to the State Farm, concerning the October 17, 1995 accident, gave a medical authorization to State Farm, and "stood ready to cooperate with the defendant," even though the plaintiff believed that the defendant "was unduly harassing me." The affidavits make no mention of the independent medical examination.
State Farm filed six Special Defenses to the Complaint, including the following:
 1. The policy of insurance pursuant to which the plaintiff has asserted his claim for uninsured motorist benefits provides that the insured shall cooperate and assist in securing and giving evidence. The plaintiff has breached this provision of the policy, CT Page 11196 and therefore, he has forfeited his coverage.
2. The policy of insurance pursuant to which the plaintiff has asserted his claim for uninsured motorist benefits provides that the person making claim shall be examined by physicians chosen and paid by the defendant as often as the defendant reasonably may require. The plaintiff has failed and refused to be examined by physicians chosen and paid by the defendant as often as the defendant reasonably required, and therefore, the plaintiff has forfeited his coverage.
DISCUSSION OF LAW AND RULING
Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1991); Lees v.Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 952 (1991). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R.Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908
(1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381; Burnsv. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309,407 A.2d 971 (1978); Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. Batickv. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982); New MilfordSavings Bank v. Roina, 38 Conn. App. 240, 243-44, 659 A.2d 1226 (1995).
Summary judgment should only be granted if the pleadings, affidavits and other proof submitted demonstrate that there is no genuine issue as to any material fact. Scinto v. Stam,224 Conn. 524, 530, cert. denied, 114 S.Ct. 176,126 L.Ed.2d 136 (1993); Connell v. Colwell, 214 Conn. 242,246, 571 A.2d 116 (1991).
The plaintiffs have admitted the following facts material to CT Page 11197 this Motion: they received the letter which scheduled the independent medical examination with Dr. Haugh; they failed to notify State Farm of their inability to attend the independent medical examination; they failed to attend the independent medical examination; and the insurance policy at issue contains a provision which requires that a person seeking coverage cooperate with State Farm and submit to physical examinations with the physicians selected by State Farm.
The plaintiffs advance two arguments in opposition to summary judgment. First, they claim that they did not refuse to attend the medical examinations, and asked for the examinations to be rescheduled. The plaintiffs also argue the defendant must show prejudice in order to prevail upon its defense of failure to attend an IME.
Courts in other jurisdictions have held that an insured's refusal to submit to a reasonably requested independent medical examination is a breach of a condition precedent to coverage that relieves an insurer of any duty under the policy. DeFerrari v.Government Employees Ins., 613 So.2d 101 (Fla. Dist Ct. App. 1989); VanHaaren v. State Farm Mutual Automobile Insurance Co.,989 F.2d 1 (1st Cir. 1993); Otani v. State Farm Fire CasualtyCo. 927 F. Supp. (D. Hawaii 1996); Allstate Insurance Company v.Eaton. 248 Va. 426, 448 S.E.2d 652 (1994); Fernandez v.Connecticut Mutual Life Insurance Company, 917 F. Sup. 120 (D. Puerto Rico 1996); Lockwood v. Porter, N.C. App. 410,390 S.E.2d 742 (1990).
In De Ferrari, supra, the insured, like the plaintiffs here, filed a claim with her insurer for uninsured motorist benefits after she had been injured in an automobile accident. The plaintiffs insurer scheduled two independent medical examinations (IMEs) — one with an internist and the other with an orthopedic surgeon. The plaintiff attended the first examination, but refused to submit to the IME by the orthopedist. The insurer, GEICO, denied coverage based upon that refusal. The trial court granted summary judgment in favor of GEICO and that judgment was affirmed by the Florida Court of Appeals which held "submission to the reasonably requested IME was a condition precedent to coverage. Considering the insured's unreasonable refusal to submit to the examination, the trial court properly concluded that [the insured] could not maintain her action." 613 So.2d at 103.
Where the insured refused to attend an IME because he CT Page 11198 anticipated that the physician selected by the insurer would be too conservative, the Court held that the trial court had correctly granted summary judgment in favor of the insurer because the plaintiff had forfeited coverage under the policy by his refusal to comply with the insurer's IME request. VanHarrenv. State Farm Mutual Automobile Insurance Co, 989 F.2d 1 (1st Cir. 1993).
Like the plaintiffs here, the insured in VanHaaren argued that he had not "refused" the requested IMEs, but, rather, that there had been a good faith misunderstanding between him and the insurer. The Court stated:
 Notwithstanding his protestations of "good faith" misunderstanding, however, VanHaaren's later suit against State Farm sealed the breach since it foreseeably deprived State Farm of the valuable opportunity to assess and settle the claim without the attendant costs and burdens of litigation.
989 F.2d at 6 n. 3.
If the plaintiffs did refuse to attend the independent medical examinations then they did breach a condition precedent to recovery under the policy. The plaintiffs have not cited any law to support their argument that if they did breach the IME provision or the cooperation provision of the policy, they can still recover under the policy unless the defendant can prove prejudice.
In Aetna Casualty Surety Co. v. Murphy, 206 Conn. 409,538 A.2d 219 (1988), the Connecticut Supreme Court held that where the insured gives his insurer late notice of a claim, the burden is on the insured to prove lack of prejudice before be can recover under the insurance policy because, "[i]t is the insured who is seeking to be excused from the consequences of a contract provision with which he has concededly failed to comply."206 Conn. at 420, 421.
The failure to give timely notice is a different type of breach of the insurance contract than is the failure to submit to an IME. It is not clear whether the lack of prejudice will preserve the rights of a plaintiff who refuses a reasonable request for an IME. However, even if the rule in Murphy does apply in this case, the plaintiffs have failed to introduce any evidence as to the defendant's lack of prejudice. CT Page 11199
The plaintiffs have raised, albeit just barely, an issue of fact as to whether they did refuse to attend the IME. Whether their conduct did rise to the level of constituting a refusal must be decided by the trier of fact. Based on the foregoing, the Motion for Summary Judgment is denied.
By the court,
Aurigemma, J.