LAWSON, J.,
concurring.
I fully concur with the majority opinion. I write primarily to address some of the points made by the dissent.
State Farm was the master of its own contract. It could have expressly addressed the consequence of a failure to attend a CME but did not. In one section, the policy simply lists the duties of a person making a claim for UM benefits. The list includes providing details about the claim; submitting to an examination; answering questions under oath; reporting the accident within 24 hours; allowing the vehicle to be inspected; and forwarding suit papers “at once.” The only language in the policy that addresses the potential consequences of a failure to abide by these policy terms is in a different section of the policy and it merely prohibits the initiation of a suit “until all the terms of the policy have been met.” This hardly supports the position taken by State Farm and the dissent that any non-compliance with any of these listed duties, including the CME provision, results in an automatic forfeiture of *809 insurance benefits, irrespective of whether there is resulting prejudice.
The dissent’s conclusion that Curran engaged in “a scheme ... to establish a bad faith action against State Farm so she could recover in excess of the policy limits” is unsupported by the record and irrelevant to the issues that we confront in this action. State Farm never alleged any such purported scheme, and no factual findings of this nature were made by the judge or jury. The judgment we are addressing awards the policy limits based upon breach of contract. One’s motive for breaching a contract is not relevant because contract damages are not supposed to be punitive in nature. Even when a contract expressly authorizes a penalty for breach, it is generally unenforceable.
Whether the CME provision is properly labeled a condition precedent (as the dissent contends) or a condition subsequent (as it is labeled in Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086 (Fla.2010)), the burden is on the defendant insurer to plead non-compliance with specificity and particularity and to prove what is pleaded because it is a matter of avoidance in the nature of an affirmative defense. Id. at 1096-97. The argument of State Farm’s counsel cited by the dissent is neither a pleading nor is it evidence. Even if it were, it was nothing but a vague suggestion of possible prejudice. All that State Farm pleaded here was that the failure to attend the CME defeated coverage. Despite the specificity requirement for pleading the non-occurrence of conditions precedent or subsequent, no assertion was advanced in any pleading that the suit was premature. Had such an assertion been advanced, it could have been cured. When State Farm moved for summary judgment, it cited and relied upon De Ferrari v. Government Employees Insurance Co., 613 So.2d 101 (Fla. 3d DCA 1993), a case that plainly held: “We conclude that prejudice is not at issue when an insurer’s reasonable request for an I.M.E. is refused by an insured.” Id. at 103. Contrary to the assertion by the dissent, State Farm has had every opportunity to argue prejudice, but its position throughout this litigation, including this appeal, is that it need not prove prejudice. Simply put, State Farm put all its eggs in the De Ferrari basket.
The suggestion by the dissent that State Farm would have tendered policy limits if it just had the opportunity to verify Cur-ran’s condition before suit was filed is likewise not supported by the present record. In fact, this is a case where State Farm never conceded liability of the tortfeasor. It maintained in the trial court and on appeal that Curran was comparatively negligent in this rear-end collision. The record also reflects that State Farm did not seek to schedule the CME until one day before the expiration of Curran’s demand for policy limits. Whether State Farm could have obtained the examination results before the statutory notice expired and whether Dr. Uricchio would have confirmed the severity of Curran’s injuries is impossible to discern from the present record. Dr. Uricchio’s report is not in the record and, although State Farm announced that Dr. Uricchio would testify at trial, on the last day of trial, counsel announced without explanation that he would not be called. Thus, we can only speculate about what Dr. Uricchio concluded. But even assuming that State Farm would have paid the claim before the lawsuit was filed, the hypothetical prejudice identified by the dissent is its potential exposure beyond the limits of the policy, which is outside the scope of this proceeding and expressly unaffected by the holding of this case. The final judgment on review is for the limits of the policy. No action for bad faith is before us, and these issues are best *810 addressed if and when any such action is filed.
The dissent finds “very troubling” this court’s conclusion that a breach of a CME is not a material breach. That is not the holding of this case. All that the majority holds is that the breach that occurred here was not material because it did not prejudice State Farm to the extent that it was ordered to pay policy limits. The dissent’s position that any breach of a CME provision is a material breach, resulting in a forfeiture of benefits, is equally troubling to me. I think the best approach to contractual breaches of this nature is a measured one that correlates the damages to the prejudice caused by the breach. Because this is a matter of avoidance, as a matter of pleading, the burden is and should be on the insurer to show prejudice, rather than imposing the burden of disproving prejudice on the insured. It also makes practical sense to allocate the burden in this manner because the insurer is in the best position to demonstrate prejudice.
TORPY, J., concurs.