PALMER, J.,
dissenting.
I respectfully dissent.
Curran’s refusal to comply with the policy provision requiring her to attend a scheduled CME constituted a failure to comply with the following condition precedent to suit set forth in her insurance policy: “There is no right of action against [State Farm] until all terms of this policy have been met....” The original panel decision succinctly explained why reversal in favor of State Farm was the correct result:
The policy specifically provides in pertinent part that “[a]ny person making claim ... under the ... uninsured motor vehicle and death, dismemberment and loss of sight coverages shall ... be examined by physicians chosen and paid by us as often as we reasonably may require.... ” State Farm is correct that compliance with this policy provision is a condition precedent to suit and recovery of policy benefits. See De Ferrari v. Gov’t Emps. Ins. Co., 613 So.2d 101, 102 (Fla. 3d DCA) (affirming summary judgment in favor of insurance company in a suit to recover UM benefits; concluding that the insured failed to comply with a condition precedent in the policy requiring that “[t]he injured person will submit to examination by doctors chosen by us, at our expense, as we may reasonably require” and that the insurance company did not have to show that it was prejudiced by the noncompliance), review denied, 620 So.2d 760 (Fla.1993); see also Kazouris v. Gov’t Emps. Ins. Co., 706 So.2d 960, 960 (Fla. 5th DCA 1998) (specifically adopting the analysis in De Ferrari to resolve the issue “whether the insurer can insist on an independent medical examination when the insured makes a claim under uninsured motorist coverage.”); Goldman v. State Farm Gen. Fire Ins. Co., 660 So.2d 300 (Fla. 4th DCA 1995), review denied, 670 So.2d 938 (Fla.1996); Stringer v. Fireman’s Fund Ins. Co., 622 So.2d 145, 146 (Fla. 3d DCA 1993).
State Farm Mut. Auto. Ins. Co. v. Curran, 36 Fla. L. Weekly D195 (Fla. 5th DCA Jan. 28, 2011). I disagree with the majority’s conclusions that Kazouris was not a wholesale endorsement of the holding in De Ferrari, and that this court should recede from Kazouris and certify conflict with the well-reasoned decisions of the Third and Fourth Districts in De Ferrari and Goldman. Accordingly, I would reverse the judgment entered in favor of Curran and remand this matter to the trial court with instructions to enter judgment in favor of State Farm.